[Civ. No. 9416. Second Appellate District, Division Two.—May 24, 1935.]

CREST CORPORATION (a Corporation), Appellant, v. COFFEE PRODUCTS OF AMERICA, INC., LTD. (a Corporation), Respondent.

168

Charles E. R. Fulcher and Alfred E. Cate for Appellant.

Meserve, Mumper, Hughes & Robertson for Respondent.

FRICKE, J., *pro tem.*—Appellant was the producer of a device to make coffee by the drip method. Joannes Corporation, a predecessor in interest of respondent and who took part in some of the transactions here involved, was engaged in the preparation and sale of coffee and had worked out a plan to stimulate sales whereby the retail purchasers of its product could secure drip coffee makers without cost. For simplicity Joannes Corporation and its successors will be referred to hereinafter as the respondent. Negotiations between the parties resulted in appellant, by letter dated August 15, 1928, summarizing the previous oral and written communications and reciting that respondent was to purchase within one year from the receipt of the first shipment a minimum of 30,000 coffee machines, each machine to have inclosed in its carton certain filter sheets for use in the machines. The letter further recites that the net price for each machine is to be 86 cents and that the terms on the first order "are 30 days net from date of withdrawal and any balance on hand January 2, 1929, will be billed to you at that time. On future orders terms will be ten days net from date of withdrawal", deliveries to be in lots of not less than 2,500 each. The letter also referred to the agreement that the covers of the coffee makers were to be embossed with a special inscription including the name of respondent's brand of coffee, and the carton containers and other included printed

matter were to specially refer to respondent and its product. There was also included, along with other matters not necessary for consideration here, a statement of the agreement that within certain territory respondent was to be the only coffee roaster company with whom appellant would contract. In its reply to this letter the sales manager of respondent wrote that they did not remember having agreed to purchase any specific number of the machines or any further quantity than the order given, but otherwise took no exception to the statements in the letter to which it was an answer.

There seems to be no controversy as to the nature of the transactions in which respondent bought coffee makers from appellant under the above agreement, under which the parties dealt for several years. However, early in 1930 appellant of its own initiative advised respondent that there was on hand at the manufacturing plant a quantity of the coffee makers not completely assembled, and offered these machines at a price substantially less than that charged for previous deliveries; and by its written order of March 28, 1930, respondent ordered 1464 dozen of such articles at 56 cents each, "to be paid for monthly for quantity used each month", and by written order of June 27, 1930, ordered 60 coffee makers "to be paid for 30 days after disposal".

The present action, commenced January 5, 1933, was brought upon the theory that the transactions under the orders of March 28th and June 25th constituted sales of goods to be paid for under the terms stated in the orders, and that a reasonable time having elapsed without effort on the part of respondent to dispose of coffee makers still in its possession, of the value of $5,065.44, the latter became indebted to appellant in that sum. Respondent contended and the court found that the transactions of March and June, 1930, constituted only a consignment in storage, and that respondent was obligated to pay for only such coffee makers as it actually sold. These conflicting contentions present the basic issue raised on this appeal.

In construing the two orders, the contract not being included within one writing but depending upon conversations, letters and memoranda, the facts and circumstances surrounding them must be taken into consideration. It appeared in evidence that prior to the March order George C.

Dorman, a representative of appellant, stated to E. L. Weaver, an officer of respondent, that appellant had a quantity of coffee makers stored at the factory; that he wanted to save storage; that he asked Weaver to buy them and that Weaver said he could not use them and would not buy them. Dorman then asked Weaver if respondent would take them in storage and sell them, to which proposition, after several further conversations, Weaver agreed. Without any written order a large quantity of coffee makers was then sent by appellant to respondent, which, on receipt of the invoice, wrote to Dorman calling attention to the fact that there had been no order sent and stating the understanding that the coffee makers were to be taken in storage, to be invoiced every thirty days and payment made for the number used. To this letter Dorman replied conceding negligence in not first securing a requisition before making the shipment and stating that in the absence of a requisition respondent had been billed on the assumption that the terms were the same as on the previous shipment. This letter did not in any manner express any disagreement with the recital in respondent's letter as to the understanding regarding the shipment. The letter also requested a confirming order on the shipment, and respondent then sent what is referred to in the record as the order of March 28, 1930. Mr. Dorman testified that the shipment covered by the June 25, 1930, order was taken on the same terms as the previous order, a fact further supported by the circumstance that the last order and shipment were for the last of the machines remaining at the factory. There were received in evidence three invoices covering the coffee makers shipped in March, 1930, sent by appellant to respondent, which contained the recital that the merchandise had been shipped "on consignment", and appellant's bookkeeper testified that she had sent a dozen similar statements.

The evidence herein recited, even without other matters of record to the same effect omitted here as not necessary to our conclusion, supports the decision of the trial court that as to the coffee makers covered by the orders of March and June, 1930, the transactions amounted only to shipments on consignment, and that respondent was under no obligation to pay for such articles as had not actually been sold. The fact that there is evidence tending to sup-

port a contrary conclusion raises merely an issue of fact as to which the decision of the trial court is final.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1935.